# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0784V**

| | |
|---|---|
| ALEXANDER JOE SHOGAN, JR. also known as JOE SHOGAN, JR., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: March 24, 2026 |

*Stephen R. Matthews, Phillabaum Ledlin Matthews & Sheldon, PLLC, Spokane, WA, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On May 6, 2025, Alexander Joe Shogan, Jr., also known as Joe Shogan Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on September 18, 2023. Petition at 1.  Petitioner further alleges that he suffered the residual effects of his injury for more than six months. Petition at 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On March 23, 2026, Respondent filed a combined Rule 4(c) and Proffer ("Rule 4/Proffer") report in which he concedes that Petitioner is entitled to compensation in this case. Rule 4/Proffer at 1. Specifically, Respondent states that "petitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no history of pain, inflammation, or dysfunction of his left shoulder prior to vaccination that would explain his post-vaccination symptoms; shoulder pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination; shoulder pain and reduced ROM were limited to the side in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 6. Respondent further agrees that Petitioner suffered the residual effects of his condition for more than six months, and based on the record as it now stands, Petitioner has satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

2