# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0784V**

| | |
|---|---|
| ALEXANDER JOE SHOGAN, JR., *also known as* JOE SHOGAN, JR.,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 15, 2026 |

*Stephen R. Matthews, Phillabaum Ledlin Matthews & Sheldon PLLC, Spokane, WA, for Petitioner.*

*Dorian Hurley, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On May 6, 2025, Alexander Joe Shogan, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following an influenza vaccine received on September 18, 2023. Petition,

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 1. On March 24, 2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 31.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $30,772.29 (representing $18,198.73 in fees and $2,843.56 in costs, plus $9,730.00 in personal, out-of-pocket expenses). Petitioner's Fees and Costs Application ("Motion") filed July 23, 2026, ECF No. 38. Petitioner later filed a signed statement confirming that the personal expenses were incurred. ECF No. 41.

Respondent reacted to the Motion on August 6, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 39.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of attorney fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following hourly rates for work performed by attorney Stephen R. Matthews: $523.00 for work performed in 2024; $562.00 for work performed in 2025; and $608.00 for work performed in 2026. Mr. Matthews has been a licensed attorney since 1981 (Motion at 38-1 at 1), placing him in the range of attorneys with 31+ years of experience based on the OSM Attorneys' Hourly Rate Fee Schedule.[3] He currently practices at Phillabaum Ledlin Matthews & Sheldon PLLC in Spokane, WA, in general civil litigation, although this appears to be his first vaccine injury petition. I find the requested rates to be reasonable and shall apply them.

However, Petitioner requests rates for several other attorneys who are not currently admitted to this Court. To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in U.S. Court of Federal Claims. *Underwood v. Sec'y of Health & Hum. Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Hum. Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); *Hasanovic v. Sec'y of Health & Hum. Servs.*, No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); *Byrd v. Sec'y of Health & Hum. Servs.*, No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2023); *Schmidt v. Sec'y of Health & Hum. Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020).

Attorney Katherine Otterstrom billed time at the following hourly rates: $204.00 for attorney work performed in 2024; $219.00 for attorney work performed in 2025; and $237.00 for attorney work performed in 2026. Attorney Robb Grangroth billed the following hourly rates: $475.00 for attorney work performed in 2024; $511.00 for attorney

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

work performed in 2025; and $552.00 for work performed in 2026. And Attorney Trevor Matthews billed $305.00 per hour for attorney work performed in 2024.

The hourly rates for all three of these unadmitted attorneys will be adjusted to be consistent with The OSM Attorneys' Forum Hourly Rate Fee Schedules at the highest paralegal rate for each year: $197.00 for work performed in 2024; $212.00 for work performed in 2025; and $229.00 for work performed in 2026. **This reduces the amount of attorney fees to be awarded by $2,193.34**.[4]

## ATTORNEY COSTS

Petitioner requests reimbursement of $2,843.56 in costs. These costs include the expenses of medical records requests, PACER fees, copying costs, and the Court's filing fee. Petitioner has provided supporting documentation for all claimed costs. ECF No. 38 at 15-32. I find the requested costs reasonable, and they are hereby awarded in full. (And the personally-incurred costs for Petitioner will also be awarded).

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $28,578.95 as follows:**

**A lump sum of $18,848.95, representing reimbursement for $16,005.39 in attorney's fees and $2,843.56 in costs, to be paid through an ACH deposit to Petitioner's counsel, Stephen R. Matthews' IOLTA account for prompt disbursement;** and

**A lump sum of $9,730.00, representing reimbursement to Petitioner for out-of-pocket expenses, to be paid through an ACH deposit to Petitioner's counsel, Stephen R. Matthews' IOLTA account for prompt disbursement.**

[4] This amount is calculated by reducing Katherine Otterstrom's rates as follows: ($204.00 - $197.00 = $7.00 x 28.7 hrs.) + ($219.00 - $212.00 = $7.00 x 26.22 hrs.) + ($237.00 - $229.00 = $8.00 x 23.7 hrs.) = $574.04, and reducing Robb Grangroth's rates as follows: ($475.00 - $197.00 = $278.00 x 3.45 hrs.) + ($511.00 - $212.00 = $299.00 x 0.9 hrs.) + ($552.00 - $229.00 = $323.00 x 1.2 hrs.) = $1,615.80, and reducing Trevor Matthews rate as follows: ($305.00 - $108.00 = $7.00 x 0.50 hrs.) = $3.50, for a total amount of $2,193.34.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.